UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY CAVA and NANCY CAVA,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM CHRISPEN<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)<br>)  FILE NO. 3:19-cv-00024-TCB<br>)<br>)<br>)<br>) |

## DEFENSES AND ANSWER

COMES NOW, Defendant WILLIAM CHRISPEN, and files this his Defenses and Answer to Plaintiffs' Complaint and Demand for Jury Trial (hereinafter referred to as "Plaintiffs' Complaint"), and shows the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction is improper as to Defendant.

### THIRD DEFENSE

Venue is improper as to Defendant.

## FOURTH DEFENSE

Plaintiffs' claim for punitive damages is in violation of this Defendant's right to due process guaranteed under the Fourteenth Amendment of the United States Constitution. More specifically, an excessive award of such damages will violate this Defendant's substantive and procedural due process rights. Further, elementary notions of fairness dictate notice of not only the conduct subjecting a person to punishment but also the severity of that penalty. A grossly excessive award furthers no legitimate state interest and constitutes an arbitrary deprivation of property. See State Farm Mutual Auto Insurance Company v. Campbell, 538 U.S. 408 (2003). The application of punitive damages under Georgia's statute authorizing such an award is likewise a violation of this Defendant's aforementioned Constitutional rights where Plaintiff seeks to impose a penalty for any conduct harming or otherwise involving persons not before the court. See Philip Morris USA v. Williams, 127 S. Ct. 1057 (decided February 20, 2007). Any award of punitive damages would be limited to a 1-1 ratio of punitive damages in comparison to any compensatory damages. Exxon Shipping Company v. Grant Baker, 1128 S. Ct. 2605 (2008).

## FIFTH DEFENSE

## ANSWER

Defendant responds to the allegations of Plaintiffs' Complaint as follows:

1.

Defendant is without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendant admits the averments contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendant denies the averments contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendant denies the averments contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendant denies the averments contained in paragraph 5 of Plaintiffs' Complaint.

6.

Defendant denies the averments contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendant admits the averments contained in the first sentence of paragraph 7 of Plaintiffs' Complaint. Defendant is without knowledge and information sufficient to form a belief in the truth of the averments contained in the second sentence of paragraph 7 of Plaintiffs' Complaint. Defendant denies the averments contained in the third sentence of paragraph 7 of Plaintiffs' Complaint. Defendant admits the averments contained in the fourth sentence of paragraph 7 of Plaintiffs' Complaint. Defendant is without knowledge and information sufficient to form a belief in the truth of the averments contained in the fifth sentence of paragraph 7 of Plaintiffs' Complaint.

8.

Defendant is without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 8 of Plaintiffs' Complaint.

9.

Defendant incorporates by reference his responses to paragraphs 1-8 of Plaintiff's Complaint as if fully set forth herein below.

10.

Defendant admits he was cited in connection with the subject accident, but is presently without knowledge as to the exact disposition.

11.

Defendant is without knowledge and information sufficient to form a belief in the truth of the averments contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant admits the averments contained in the first sentence of paragraph 12 of Plaintiffs' Complaint to the extent they accurately state Georgia law. However, Defendant denies said sentence to the extent said sentence is not consistent with Georgia law, and to the extent that said averments are not artfully worded or are a correct, accurate, and complete statement of law. Defendant denies the averments contained in the second sentence of paragraph 12 of Plaintiffs' Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiffs' Complaint.

14.

Defendant denies the averments contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the averments contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiffs' Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiffs' Complaint.

18.

Defendant denies the averments contained in paragraph 18 of Plaintiffs' Complaint.

19.

Defendant denies the averments contained in paragraph 19 of Plaintiffs' Complaint.

20.

Defendant denies the averments contained in paragraph 20 of Plaintiffs' Complaint.

21.

Defendant denies the averments contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the averments contained in paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the averments contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendant denies the averments contained in paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the averments contained in paragraph 25 of Plaintiffs' Complaint.

26.

Defendant denies the averments contained in paragraph 26 of Plaintiffs' Complaint.

27.

Defendant denies the averments contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the averments contained in paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the averments contained in paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies the averments contained in paragraph 30 of Plaintiffs' Complaint.

31.

Defendant incorporates by reference her responses to paragraphs 1-30 of Plaintiff's Complaint as if fully set forth herein below.

32.

Defendant denies the averments contained in paragraph 32 of Plaintiff's Complaint.

33.

Defendant incorporates by reference his responses to paragraphs 1-32 of Plaintiff's Complaint as if fully set forth herein below.

34.

Defendant denies the averments contained in paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the averments contained in paragraph 35 of Plaintiff's Complaint.

### FOURTH DEFENSE

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiffs' Complaint. Any allegations or averments contained in Plaintiffs' Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant WILLIAM CHRISPEN having fully answered, demand that they be henceforth dismissed with all costs against the Plaintiffs.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ W. Curtis Anderson
    **W. CURTIS ANDERSON**
    Georgia State Bar No. 018470

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this pleading has been prepared in compliance with Local Rule 5.1(C) using 14 point Times New Roman.

                **DOWNEY & CLEVELAND, LLP**

By: /s/ W. Curtis Anderson
     **W. CURTIS ANDERSON**
     Georgia State Bar No. 018470
     Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Peter A. Law, Esq.
>Denise D. Hoying, Esq.
>Brian C. Kaplan, Esq.
>Law & Moran
>563 Spring Street, NW
>Atlanta, GA 30308
>*Attorneys for Plaintiffs*

>Trevor G. Hiestand, Esq.
>Brian C. McCarthy, Esq.
>Waldon Adelman Castilla Hiestand & Prout
>900 Circle 75 Parkway, Suite 1040
>Atlanta, GA 30339
>*Attorneys for State Farm*

This 22nd day of April, 2019.

**DOWNEY & CLEVELAND, LLP**

By: /s/ W. Curtis Anderson
  **W. CURTIS ANDERSON**
  Georgia State Bar No. 018470