UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| GREGORY CAVA and ) | |
| NANCY CAVA, ) | |
|  ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 3:19-cv-00024 |
| v. ) | |
|  ) | |
| WILLIAM CHRISPEN, ) | |
|  ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTIONS IN LIMINE

COME NOW Plaintiffs in the above-styled action and file their Motions in Limine.

1.

**Contributory or comparative negligence.** This Court should exclude any argument or comment that Plaintiffs or any other person(s) were contributorily or comparatively negligent. This is a motor vehicle collision case in which Defendant Chrispen swerved on I-85, lost control of his car, and struck the rear/right side of Plaintiffs' vehicle, pushing Plaintiffs' vehicle into the left median and across the highway into the right median. Defendant cannot show that Plaintiffs were negligent with respect to the incident or their injuries, or that any negligence on Plaintiffs' part caused or contributed to Plaintiffs' damages, and there is no

evidence to that effect. Similarly, Defendant cannot show that any other driver caused or contributed to the collision. To the contrary, Defendant admitted he is not aware of anything Plaintiffs did to cause or contribute to the accident, not aware of anything Plaintiffs could have done to avoid the collision, and does contend any other driver was at fault for this collision:

> **Q -- that would -- okay. So you're not aware of anything that the driver of the Range Rover [Plaintiff Greg Cava] did to cause or contribute to this accident as we sit here today? You're unaware of anything; correct?**
>
> **A That's correct.**

(Chrispen Depo., p. 71)

> **Q Are you aware of anything the driver of the Range Rover could have done to avoid the collision?**
>
> **A No.**

(Chrispen Depo., p. 80).

> **Q Just so we're clear, you're not contending that any other driver was at fault for this collision; correct?**
>
> **A That's correct.**

(Chrispen Depo., p. 84).

2

Under O.C.G.A. § 24-14-1, the burden of proof "lies upon the party asserting or affirming a fact and to the existence of whose defense the proof of such fact is essential." Here, Defendant cannot meet his burden of showing that any negligence on the part of the Plaintiffs or any other person caused or contributed to the collision or Plaintiffs' damages. Thus, the Court should preclude any argument, evidence, or suggestion that Plaintiffs or any other person were at fault, and no person other than Defendant should appear on the verdict form.

2.

**Plaintiffs' financial condition.** Plaintiffs anticipate Defendant will attempt prejudice the jury against Plaintiffs by arguing, inferring, or introducing evidence, either through witness testimony or documents, that Plaintiffs are wealthy or financially secure. For example, during Plaintiff Nancy Cava's deposition, defense counsel asked whether Mrs. Cava did not work a "full schedule" prior to the collision because "[her] financial situation was such that [she] did not have to work a full schedule" and also stated that, "[y]ou and Mr. Cava seem to have a very successful life." (N. Cava Depo., p. 24). Defense counsel also asked Greg Cava about the vehicles he owned in addition to the one involved in the incident, which are irrelevant to this case. (G. Cava Depo., pp. 9-10). Plaintiffs do not object to

Defendant asking Mrs. Cava about her work schedule prior to the collision, but any argument or insinuation regarding her and/or her husband's financial condition is irrelevant, highly prejudicial, and should be excluded. *See* Fed. R. Evid. 401-03.

3.

**Defendant Chrispen's injuries and treatment.**  Defendant Chrispen testified that he was injured in the collision and went to the hospital as a result. Defendant's injuries have no bearing on liability, causation, or damages, and thus are irrelevant and should be excluded. Fed. R. Evid. 401-02. Further, even if Defendant's injuries were relevant, evidence of Defendant's injuries might improperly evoke sympathy from jurors and would be prejudicial to Plaintiffs. Accordingly, the probative value of Defendant's injuries is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. The Court should preclude any evidence of or reference to the injuries Defendant sustained in the collision.

4.

**Irrelevant prior marriages and/or divorces.**  Plaintiffs Greg and Nancy Cava have been married since 1993. Prior to their marriage, both Plaintiffs were previously married to and divorced from other spouses. Defense counsel asked a large number of questions about the Plaintiffs' prior marriages during their

depositions.  Prior marital history is not relevant in this case and the probative value of evidence regarding Plaintiffs' prior marital history would be substantially outweighed by the risk of unfair prejudice.  *See, e.g.,* Fed. R. Evid. 401-03, *Sowers v. R.J. Reynolds Tobacco Company*, 975 F.3d 1112, 11121-24 (11th Cir. 2020). Accordingly, any such evidence should be excluded.

5.

**Any argument or evidence related to collateral sources.** Plaintiffs move to exclude any reference, question, comment, suggestion, or argument that Plaintiffs have received, have been entitled to receive, may receive, or may become entitled to receive benefits of any kind or character from a collateral source, including, but not limited to, benefits from any collateral insurance coverage such as health insurance. References to such collateral sources must be excluded. *Warren v. Ballard*, 266 Ga. 408 (1996); Fed. R. Evid. 401-03.

6.

**Unrelated, prejudicial, and irrelevant medical records.**  Defendant's proposed trial exhibit list contains pre-incident medical records which do not pertain in any way to this incident, the injuries at issue, or this lawsuit.  This pretrial document dump is improper, and Plaintiffs object to Defendant using unrelated pre-incident medical records on the grounds that they contain

inadmissible hearsay, are irrelevant, their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence, contain improper character evidence, fail to redact personal identifiers, and contain inadmissible references to collateral sources. Further, it appears Defendant may attempt to use a large volume of medical records without providing any context and without any explanations from medical providers about the meanings of any diagnoses, treatment, mechanisms of injury, or medications. Plaintiffs object accordingly, and Defendant should be required to identify the specific pages of records he intends to use at trial.

This 28th day of October 2021.

                                              Respectfully submitted,

                                              **LAW & MORAN**

                                              */s/ Brian C. Kaplan*
                                              Peter A. Law
                                              Georgia Bar No. 439655
                                              Denise D. Hoying
                                              Georgia Bar No. 236494
                                              Brian C. Kaplan
                                              Georgia Bar No. 644393
                                              *Attorneys for Plaintiffs*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Telephone: (404) 814-3700
Facsimile: (404) 842-7710

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in L.R. 5.1. Specifically, this document was prepared using Times New Roman font of 14-point size.

                          Respectfully submitted,

                          **LAW & MORAN**

                          */s/ Brian C. Kaplan*
                          Brian C. Kaplan
                          Georgia Bar No. 644393
                          Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing *Motions in Limine* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to:

| | |
|---|---|
| Brian C. McCarthy | W. Curtis Anderson |
| Waldon Adelman Castilla Hiestand & Prout | Downey & Cleveland LLP |
| 900 Circle 75 Parkway, Suite 1040 | 288 Washington Ave NE |
| Atlanta, GA 30339 | Marietta, GA 30060 |

This 28th day of October 2021.

Respectfully submitted,

**LAW & MORAN**

*/s/ Brian C. Kaplan*
Brian C. Kaplan
Georgia Bar No. 644393
Attorney for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Telephone: (404) 814-3700
Facsimile: (404) 842-7710